IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE DENISE RANDOLPH | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. ELH-15-982 |
| | | |
| U.S. ATTORNEY GENERAL | * | |
| ERIC HOLDER, JR. | | |
| DEPT. OF JUSTICE | * | |
| Defendant. | | |
| | ***** | |

MEMORANDUM

Plaintiff, a resident of 4232 Shamrock Avenue in Baltimore, Maryland, filed this self-represented action on April 6, 2015, naming Eric Holder, Jr., the United States Attorney General, as the defendant. ECF No. 1. Plaintiff seeks a "motion to dissolve," a preliminary injunction with retraining orders, and 3 billion dollars in damages. ECF No. 1 at 3 & civil cover sheet. She bases her case on federal question jurisdiction. *Id.*

In her statement of facts, Randolph states, ECF No. 1 at 2:[1]

I am requesting the U.S. District Court of Maryland to grant and award any appropriate relief for good cause. I am an innocent victim of intentional disclosure – 18 U.S.C. [§] 2520 beyong [sic] my control. For example, false arrest 6 years (unconstitutional) – public record disclosure criminal cases #506069025 & 506069026 no evidence – no convictions, case status: closed 03/07/2012[.] My false arrest caused me loss-time loss wages (dignity harm –no longer and I was never incompetent (perjury). Stop 24/7 disclosure illegal wiretap home business 4234 Shamrock Ave. I need restraining order (permanent / – Rule 65 preliminary injunction relief, statutory damages relief, punitive damages, mental distress. My unknown neighbors illegal home wiretap business is intentionally disclosuring [sic] me 24/7 - social media fraud misappropriation – identity theft is federal jurisdiction. Please grant my petition – constitutional rights violated to restore my life, loss wages,

---

[1] Plaintiff cites to Fed. R. Civ. P. 65, 50, & 17 and makes a conclusory reference to 47 U.S.C. § 555 and 18 U.S.C. § 2513. ECF No. 1 at 2. Further, her complaint was accompanied by copies of federal statutes and rules related to wire or radio cable communications and federal civil procedure. *Id*. at Attachment.

for declaratory relief, statutory damages by forfeit "unlawful  devices" from my unknown neighbors address 4234 Shamrock Avenue.  Illegal intercept to Federal Communications systems.

Plaintiff has moved to proceed in forma pauperis; for the appointment of counsel; and for a preliminary hearing.  ECF Nos. 2 & 3.  Because plaintiff appears indigent, her motion to proceed without the prepayment of the civil filing fee shall be granted.  Her complaint shall, however, be summarily dismissed and her motions for appointment of counsel and a preliminary hearing shall be denied as moot.[2]

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted.[3]  Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints.  *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to

---

[2] The court observes that plaintiff has filed several prior cases in this court regarding alleged wiretapping and interception of communications by her neighbor at 4234 Shamrock Avenue.  *See Randolph v. State of Maryland*, Civil Action No. GLR-14-2713; *Randolph v. New Technology*, Civil Action No. ELH-14-3068; *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176; *Randolph v. U.S. Attorney General*, Civil Action No. GLR-14-3298; *Randolph v. United States, et al.*, Civil Action No. JFM-14-3609; *Randolph v. U.S. Attorney*, Civil Action No. CCB-15-9; *Randolph v. Holder*, Civil Action No. JKB-15-314;  *Randolph v. Holder, et al.*, Civil Action No. JFM-15-552; *Randolph v. U.S. Attorney General,* Civil Action No. CCB-15-785; and *Randolph v. U.S. Attorney General,* Civil Action No. ELH-15-916.   All of the complaints were summarily dismissed.

[3] Title 28 U.S.C. Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(B) the action or appeal—

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

preliminary screen a non-prisoner complaint); *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As noted, plaintiff is self-represented. When reviewing a complaint filed by a self-represented litigant, a court holds it "to less stringent standards than formal pleadings drafted by lawyers…" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). It is axiomatic that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him ...." *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009). In addition, Supreme Court precedent leaves no doubt that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted).

The plausibility standard is not akin to a "probability requirement," but it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, when a complaint

pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* This "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *See Francis,* 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).

Sections 2513 and 2513 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985).[4] Moreover, to the extent that plaintiff asserts she is a crime victim, this court has no authority to initiate criminal charges. In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities.

Moreover, plaintiff has failed to set out any particular claims against the named defendant, the United States Attorney General. Further, the factual assertions and legal conclusions raised in the document regarding plaintiff's next door neighbor amount to rambling statements of blanket criminal and civil rights violations. The allegations are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P

---

[4] To the extent that 18 U.S.C. § 2520 permits a civil action, plaintiff has failed to state a basis for such a claim.

4

12(b)(1).  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.   For the aforementioned reasons, the court hereby dismisses the case for the failure to state a claim against defendant.[5]  A separate Order follows.


Date:  April  9, 2015                              _____/s/_____
                                                   Ellen L. Hollander
                                                   United States District Judge

---

[5]  As noted, this represents the sixth complaint filed by plaintiff in 2015 regarding alleged improper use of cable communications by her next-door neighbor.  All cases were dismissed, sua sponte, under 28 U.S.C. § 1915(e).  Plaintiff is cautioned that should she file any further complaints containing similar allegations, the court will consider the imposition of a narrowly drawn pre-filing injunction which will impose limits on her future filings.